IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED )<br>TRADES INDUSTRY PENSION FUND, )<br>TIM D. MAITLAND, in his official capacity as a fiduciary, )<br>FINISHING TRADES INSTITUTE, )<br>    f/k/a INTERNATIONAL UNION OF PAINTERS AND )<br>    ALLIED TRADES JOINT APPRENTICESHIP AND )<br>    TRAINING FUND, )<br>POLITICAL ACTION TOGETHER FUND, )<br>PAINTERS AND ALLIED TRADES LABOR )<br>MANAGEMENT COOPERATION INITIATIVE )<br>7234 Parkway Drive )<br>Hanover, MD 21076 )<br>                              Plaintiffs, )<br>    v. )<br> )<br>HOSEK CONTRACTORS, INC. )<br>   d/b/a EASTERN PAINTING COMPANY )<br>   d/b/a EASTERN PAINTING CO. )<br>339 West Jefferson Street )<br>Syracuse, NY 13202 )<br> )<br>   and )<br> )<br>FRANCIS L. HOSEK )<br>   a/k/a FRANK L. HOSEK )<br>165 de Palma Avenue )<br>Syracuse, NY 13204 )<br> )<br>                              Defendants. ) | CIVIL ACTION NO. |

**COMPLAINT IN CONFESSION OF JUDGMENT**

Plaintiffs, by undersigned counsel, complain as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court

under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2.   A copy of this Complaint in Confession of Judgment is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h).

## VENUE

3.   Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## PARTIES

4.   Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5.   The Pension Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also known as and referenced as the "Pension Fund" in the Labor Agreements relating to this complaint.

6.   The Annuity Plan is a "multiemployer plan," "employee benefit plan," and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Annuity Plan is also known as and referenced as the

"Annuity Fund" in the Labor Agreements relating to this complaint.

7.    Plaintiff, Tim D. Maitland ("Maitland") is a fiduciary of the Funds within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8.    The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

    (a)    the Pension Plan,

    (b)    the Annuity Plan,

    (c)    the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

    (d)    the Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), and

    (e)    the Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and Political Action Together – Political Committee (jointly or severally, "PAT Fund").

9.    FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from an office in this district and is also known as and referenced as the "IUPAT FTI" in the Labor Agreements relating to this complaint.

10.   LMCI is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. §186(c)(9). The LMCI is also known as and referenced as the "LMCI" in the Labor Agreements relating to this complaint.

11. The PAT Fund is an unincorporated association or fund established pursuant to 2 U.S.C. §431 et seq. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAT Fund is also known as and referenced as the "Political Action Fund" in the Labor Agreements relating to this complaint.

12. The PAT Fund and LMCI maintain their principal place of business and are administered from an office in this district.

13. The Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, the FTI, the PAT Fund, and LMCI.

14. The Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds." The ERISA Funds, LMCI and PAT Fund are hereinafter jointly or severally referenced as the "Funds."

15. Defendant, Hosek Contractors, Inc. d/b/a Eastern Painting Company d/b/a Eastern Painting Co., ("Eastern Painting" or "Company") is a New York company and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does business with the Fund that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Fund office(s) in this district.

16. Defendant Francis L. Hosek a/k/a Frank L. Hosek ("Hosek" together with Company, "Defendants") is an individual and an owner, officer, agent or managing agent of

Company with a business or residential address as listed in the caption. Hosek executed a Promissory Note ("Note") and Warrant of Attorney to Confess Judgment ("Warrant") and is personally liable to the Funds for the debts and obligations of the Company. A true and correct copy of the Note is attached as Exhibit 2.

## COMMON FACTS

17. Defendant Eastern Painting Company ("Company") was signatory to a labor agreement with the Union.

18. In order to resolve debts owed by Company to the Plaintiffs, Company and Hosek entered a Promissory Note on or around December 7, 2017 ("Note") for a total debt of $171,054.14.

19. The terms and conditions of the Note required Defendants to submit to the Plaintiffs forty-two (42) monthly installment payments commencing December 15, 2017, with the final payment on or before May 1, 2021, in order to pay the settlement sum of $144,015.93 to Plaintiffs. A true and correct copy of the Note and payment schedule is attached as Exhibit 2.

20. Defendants, for good and valuable consideration, made and executed in favor of the Plaintiffs the December 5, 2017, Promissory Note ("Note") and a Warrant of Attorney to Confess Judgment ("Warrant"), dated December 5, 2017, wherein Defendants became liable to the Plaintiffs for the principal sum of $171,054.14. A true and correct copy of the Warrant is attached as Exhibit 3.

21. The Note provides that upon default, the Defendant shall be immediately liable for the principal sum of $171,054.14 less payments made and credited to principal, plus interest and attorneys' fees and costs.

715805_2.docx
PTINTF-35370

22.     Defendant defaulted on the Note by failing to submit the thirteenth (13th) through twenty-first (21st) installments.

## COUNT I – DEFAULT ON NOTE

23.     Paragraphs 1 through 22 are incorporated by reference as if fully restated.

24.     Defendants paid twelve (12) payments under the agreement and then ceased making timely payments and defaulted under the Agreement.

25.     On February 4, 2019 and April 2, 2019, Plaintiffs' counsel mailed Notices of Default and Right to Cure to Defendant by First Class mail and electronic mail. None of this correspondence was returned as undeliverable. Pursuant to the terms of the Agreement, Defendant had ten (10) days from the dates the Notices were received in which to cure the default.

26.     As of August 14, 2019, neither the Plaintiffs nor their counsel have received the requested payments.

27.     Pursuant to the Warrant, the Plaintiffs are entitled to confess judgment on the Note without further demand.

28.     As an additional consequence of the default, the Fund revoked the conditional waiver of liquidated damages in the amount of $27,038.21.

29.     The amounts due under the Agreement are:

| | |
|---|---|
| Total Debt | $171,054.14 |
| Payments Received | -$ 32,400.00 |
| Post-agreement interest on the declining balance of Total Debt at 4% per annum, compounding monthly through 08/14/2019 | $ 2,104.78 |
| Additional Attorneys' Fees through 6/30/19 (An Affidavit of Counsel is attached as Exhibit 4) | $ 11,556.95 |

**TOTAL DUE:**                                                                                                   $ 152,315.87

30.     Judgment has not previously been entered on the Note in any jurisdiction against the above Defendant.

WHEREFORE, Plaintiffs demand that a judgment be entered against Defendants as authorized in the Note and Warrant in the sum of $152,315.87

                                        Respectfully submitted,
                                        JENNINGS SIGMOND, P.C.

BY:     /s/ Judith Sznyter
        JUDITH SZNYTER
        Bar No. 29743
        1835 Market Street
        Philadelphia, PA  19103
        Phone: (215) 351-0641
        Fax: (215) 922-3524
        jsznyter@jslex.com
        Attorney for the Plaintiffs

Date: <u>August 16, 2019</u>